UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JENNIFER CORNETT,

        Plaintiff,

v.                                     Civil Action No. _____

CREDIT BUREAU COLLECTION
SERVICES, INC.,

        Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices..

### II. JURISDICTION

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and in that the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Jennifer Cornett is a natural person residing in the City of North Tonawanda, County of Niagara and State of New York and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

5. Defendant Credit Bureau Credit Services, Inc. is a corporation organized and existing under the laws of the State of Ohio and is a "debt collector" as that term is defined by 15 U.S.C.§1692a(6).

6. Defendant regularly attempt to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. That all references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff's son had diagnostic tests performed by Sister's Diagnostic Imaging in March of 2006.

10. That Plaintiff was responsible to pay for the aforesaid diagnostic tests, and was insured for such services through Blue Cross and Blue Shield of Western New York (hereinafter 'BC/BS").

11. That the debt to pay for the aforesaid diagnostic imaging services was incurred solely for household, personal and family use, and is a "debt" as that term is defined by 15 U.S.C.§1692a(5). (Said debt will hereinafter be referred to as "the subject debt").

12. That Sister's Diagnostic Imaging failed to submit a claim for payment of the subject debt to BC/BS in a timely manner, which resulted in BC/BS refusing to pay for the subject debt.

13. That Plaintiff was unaware of the fact that the subject debt had not been paid by BC/BS, and therefore, did not pay the bill herself.

14. That in August of 2006, Sister's Diagnostic Imaging employed Defendant to attempt to collect the subject debt from Plaintiff.

15. That on October 25, 2006, Defendant called Plaintiff by telephone and left a message on her answering machine disclosing their company name, that they were attempting to collect a debt, and requesting that they return their telephone call.

16. That Plaintiff has been separated from her husband since August 23, 2006, and a divorce action was commenced on August 25, 2006.

17. That on October 25, 2006, Plaintiff's husband came to Plaintiff's residence to pick up their child for visitation.

18. That when Plaintiff's husband arrived at Plaintiff's residence, he met by a babysitter who Plaintiff had hired to watch her son while she was at work.

19. That the aforesaid babysitter was Plaintiff's thirteen year-old niece.

20. That Plaintiff's babysitter checked Plaintiff's answering machine in the presence of Plaintiff's husband expecting to hear a message relating to her child's visitation with her husband.

21. That Plaintiff's babysitter and Plaintiff's husband heard the message described in paragraph 15 of this complaint.

22. That Plaintiff's husband suspected, upon hearing the message, that Plaintiff was intentionally not paying her bills to be nasty, and to obligate him to pay a greater portion of the parties marital debt in divorce proceedings.

23. That Plaintiff's husband expressed his displeasure regarding Plaintiff's non-payment of the subject debt to Plaintiff and other members of her family.

24. That Plaintiff's niece informed her mother and Plaintiff's sister, Lynn Cornett, that Plaintiff had received the aforesaid telephone call regarding an unpaid debt.

25. That Plaintiff's sister confronted Plaintiff about the aforesaid telephone call and asked her what it was about.

26. That Defendant never mailed Plaintiff a letter or notice advising her of her rights under 15 U.S.C.§1692g(a).

27. That by reason of the telephone calls described in this complaint, Plaintiff became humiliated, nervous, anxious, upset, and suffered from emotional distress.

## V. CAUSE OF ACTION

28. Plaintiff repeats and realleges and incorporates by reference paragraphs 1 through 27 above.

29. The acts of Defendants as described in this complaint violated multiple provisions of the FDCPA as follows:

    A. Defendant's telephone message described in this complaint violated 15 U.S.C.§1692b(2) and 15 U.S.C.§1692c(b).

    B. Defendants violated 15 U.S.C.§1692g(a) by failing to provide Plaintiff with the disclosures and information required by that statute.

30. As a result of the Defendants violations of the FDCPA, the Plaintiff suffered actual damages, including emotional distress, and is also entitled to an award of statutory damages, costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against each of the Defendants for:

(a) actual damages;

(b) statutory damages pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

**A JURY TRIAL IS DEMANDED.**

Dated: February 7, 2007

s/Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Attorney for the Plaintiff
2001 Niagara Falls Boulevard
Amherst, NY 14228
(716) 564-3288
Email: khiller@kennethhiller.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

Jennifer Cornett, affirms that the following statements are true and correct under penalties of perjury:

1. I am the Plaintiff in this civil proceeding.

2 I have read the above-entitled civil Complaint prepared by my attorney and believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit I have provided to our attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Dated: February 2, 2007               s/JENNIFER CORNETT
                                      Jennifer Cornett